# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**TAMMY HOWELL,**
**Petitioner**

**vs.)    No. 18-0964**

**WEST VIRGINIA BOARD OF LAW EXAMINERS,**
**Respondent**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tammy Howell, by counsel Arie M. Spitz, filed exceptions before the Court to the West Virginia Board of Law Examiners' ("the Board") October 3, 2018, decision recommending denial of her admission to the West Virginia State Bar after conditional admission. *See* W. Va. R. Admission Prac. Law 7.0. The reason given by the Board for the denial is its position that petitioner failed to establish that she possesses the character and fitness necessary for admission to the practice of law. The Board, by counsel Teresa J. Lyons, filed a response in support of its decision.

After review and consideration of the pleadings, together with the appendix record, it is determined that this case does not involve a substantial question of law. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. However, we disagree with the finding of the Board that petitioner is not eligible for admission to the practice of law in West Virginia.

Petitioner is a September 2010 graduate of the Thomas Cooley Law School located in Lansing, Michigan. She achieved a passing score on the July 2011 West Virginia Bar Examination and obtained employment with the Honorable Jay Hoke, Judge of the Twenty-Fifth Judicial Circuit, with whom she remains employed. In May of 2010, petitioner declared bankruptcy and discharged $351,640 in debt as a result of her bankruptcy. Petitioner incurred the discharged debt as a result of credit loans taken out in her name for the purpose of funding her now-husband's construction business.

In conjunction with her application for admission to the practice of law, petitioner was interviewed by the Board, and it was recommended that she be conditionally admitted to the practice of law. By order of this Court entered on September 26, 2012, petitioner was conditionally

1

admitted to the practice of law for a period of two years. While conditionally admitted to the practice of law, petitioner and her husband once again began jointly operating a construction business.

By order entered on May 15, 2015, petitioner's conditional admission to the practice of law was extended for a second two-year period. However, during her second period of conditional admission, petitioner accrued additional tax liens, which were filed against both the construction business and her personally. Also, her student loans incurred while she was a law student remained in deferment.

Following a third interview with the Board, petitioner's conditional admission to the practice of law was extended on June 13, 2017, for a third time. On July 1, 2017, petitioner submitted to the Board a detailed repayment plan covering all of her outstanding debts. In response to the submission of her repayment plan, the Board informed petitioner that it was imperative that she pay in full the tax liens owed and begin repayment of her student loans by October 25, 2017. The Board further informed her that she must remain current on all tax payments moving forward.

On August 4, 2017, while petitioner was still conditionally admitted to the practice of law, the Board informed petitioner that it would not recommend that she be admitted to the practice of law in West Virginia. However, petitioner continued to fulfill the terms of the repayment plan submitted to the Board on July 1, 2017. On November 22, 2017, the Board again informed petitioner that it would not recommend that she be admitted to the practice of law because she failed to begin making payments on all of her student loans by October 25, 2017.

Following the Board's November 22, 2017, notification, petitioner submitted a brief in opposition to the Board's recommendation. By order dated March 7, 2018, this Court directed the Board to proceed with an administrative hearing in accordance with Rule 6.0 of the West Virginia Rules for Admission to the Practice of Law. The administrative hearing was held on May 16, 2018, and petitioner presented evidence in support of her character and fitness to engage in the practice of law.

The hearing examiner issued findings and conclusions in a report dated August 20, 2018. The hearing examiner concluded that petitioner met her burden of establishing the necessary good character and fitness to engage in the practice of law and, therefore, recommended that petitioner be admitted to the unconditional practice of law in West Virginia.

The Board reviewed the hearing examiner's report, together with the transcript of the hearing, the briefs filed by both parties, and petitioner's application file. A majority of the Board voted to recommend to this Court that it deny petitioner admission to the practice of law. In support of its decision, the Board pointed to petitioner's ongoing financial difficulties throughout her five-year conditional admission period, including the additional tax lien. Under Rule 6.0(e), the petitioner filed exceptions with this Court to the Board's decision. W. Va. R. Admission Prac. Law 6.0(e).

The sole issue before the Court is whether petitioner should be admitted to the

2

unconditional practice of law in West Virginia. We consider this matter under the following standard of review:

> This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners' findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. Pt. 2, *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997).

Petitioner acknowledges that the only issue surrounding her admission to the practice of law involves her financial responsibility. Petitioner argues that she is now fiscally responsible and has not engaged in recurring financial irresponsibility that would render her unfit to engage in the practice of law. Petitioner further maintains that all past debts incurred were of a personal nature and points out that she is engaged in a repayment plan with respect to the debts. She also contends that the Board improperly imposed additional terms regarding her conditional admission during her third conditional admission period by requiring her to begin making payments on her outstanding debts without conducting a new hearing. Petitioner asks the Court to reject the Board's recommendation, and admit her to the practice of law in West Virginia.

The Board, in response, argues that petitioner's continued mishandling of her finances demonstrates that she should not be admitted to the practice of law in West Virginia. The Board further argues that it did not impermissibly alter the terms of her conditional admission, but rather imposed additional terms following her second conditional admission period. Finally, the Board requests that this Court concur with its decision that the petitioner is ineligible for admission to the practice of law in West Virginia.

The hearing examiner determined that petitioner possesses the necessary character and fitness to engage in the practice of law. Although the hearing examiner noted that in the past petitioner made multiple "decisions concerning her personal finances that have at times placed her in financial hardship," these decisions neither "equate to a lack of moral character" nor indicate that petitioner is likely to mismanage client funds. He further found that petitioner has actively engaged in the repayment of her outstanding debts at the direction of the Board, and found that her recent conduct demonstrates that she is unlikely to repeat her past mistakes.

Regarding conditional admission to the practice of law, Rule 7.1(a) provides that the conditions imposed by the Board "shall be tailored to detect recurrence of behavior which could render an applicant unfit to practice law, or which could pose a risk to clients or the public, and to encourage continued treatment, abstinence, or other support." Petitioner has now undergone three

conditional periods of admission, and during each period of conditional admission she has made significant efforts to comply with the conditions imposed. Although petitioner's fiscal responsibility during each of her periods of conditional admission has not been perfect, she has not engaged in any conduct that indicates she would pose a risk to her clients or to the public. Likewise, the totality of the circumstances regarding petitioner's past and present financial situation does not render her unfit to engage in the practice of law. In fact, the record demonstrates that petitioner is making significant progress to satisfy all outstanding debts in compliance with the conditions imposed by the Board.

Upon consideration of the applicable standard of review and the record, this Court finds that petitioner's exceptions have merit and, therefore, we reject the Board's recommendation that petitioner Tammy Howell should not be admitted to the practice of law in West Virginia. Petitioner Tammy Howell has satisfied the terms of her conditional admission, and the conditions are hereby lifted on her license to practice law in the courts of the State of West Virginia, and she is granted full admission.

Conditions lifted; full admission to the practice of law granted.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4